# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DANIEL JEFFRIES,

Defendant-Appellant.

UNPUBLISHED
October 10, 2016

No. 328120
Wayne Circuit Court
LC No. 14-006242-FC

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with intent to commit murder, MCL 750.83, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to 20 to 40 years' imprisonment for his assault with intent to commit murder conviction, 3 to 7½ years' imprisonment for his felon-in-possession conviction, and two years' imprisonment for his felony-firearm conviction. We affirm defendant's convictions, but remand for further proceedings consistent with this opinion.

This case arises from a shooting incident involving defendant and the victim, Robert Epps, which occurred near the intersection of Clark and West Vernier in Detroit on July 2, 2014, at approximately 2:00 a.m. The complainant testified that he received a phone call from defendant, requesting that he meet the defendant at that location so that he could return defendant's phone and pick up a "tester" of heroine. It was his testimony that after he arrived and saw the defendant was standing behind a tree, acting strange, and wearing a latex glove, he became concerned and attempted to leave when defendant began shooting at him. He claimed that defendant chased after him on foot shouting, "I'm gonna [sic] kill you," while firing several shots. Epps sustained three gunshot wounds. The day after the incident, Detroit Police Officer Darryl Chappell showed Epps a photographic array consisting of six photographs where Epps was able to identify defendant as the shooter, and was able to provide defendant's first and last name. To the contrary, defendant admitted knowing Epps but denied that he was ever present at the crime scene.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

-1-

Defendant contends that he received ineffective assistance of counsel when defense counsel, in his closing argument, requested that the court consider the lesser included charge of assault with intent to do great bodily harm, failed to remark on the existence of reasonable doubt as to Epps's identification testimony, and suggested that defendant gave perjured testimony. We disagree.

A defendant may preserve a claim of ineffective assistance of counsel for appellate review by making a motion for a new trial or for a *Ginther*[1] hearing in the lower court. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Defendant did not move for a new trial or a *Ginther* hearing in the trial court. \He did move for a *Ginther* remand in this Court which was denied. Further, we are not persuaded that defendant has demonstrated any issue for which further factual development would advance his claim. See MCR 7.211(C)(1)(a); *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). Accordingly, we limit our review to the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

An ineffective assistance of counsel claim is a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review a trial court's findings of fact for clear error, and questions of constitutional law de novo. *Id*. "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Lopez*, 305 Mich App at 693 (citation and quotation marks omitted). When a claim of ineffective assistance of counsel is unpreserved for appellate review, our review is limited to errors apparent on the record. *Id*. "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Criminal defendants have a right to effective assistance of counsel under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. To prevail on an ineffective assistance of counsel claim, defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (citation and quotation marks omitted). Defendant bears the burden of persuasion in establishing a factual predicate for his claim. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

"Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). However, "[e]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). More specifically, trial counsel is presumed to implement sound trial strategy, *People v Gaines*, 306 Mich App 289, 310; 856 NW2d 222 (2014), and we "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## A. LESSER INCLUDED CHARGE

Defendant first argues that defense counsel was ineffective for admitting, in his closing argument, that defendant was guilty of the lesser included charge of assault with intent to do great bodily harm. In his closing argument, defense counsel asked the trial court "to consider the lesser included offense of assault with intent to do great bodily harm . . . ." More specifically, defense counsel asked the trial court "to find [defendant] guilty of [assault with intent to do great bodily harm], or if you believe his testimony, not guilty of everything."

We believe this argument was a reasonable strategy considering the trial testimony. The record reveals that, at trial, substantial evidence was presented of defendant's involvement in the crimes charged. Epps and defendant testified that they had known each other for approximately one to two years and that their relationship revolved around illegal drugs. Epps testified that he recognized defendant's voice as he walked toward the park and that he stood face-to-face with defendant before defendant began chasing him at gunpoint. Epps identified defendant as the shooter when responding officers arrived at the scene, and again the next day in a photographic array and provided Detective Chappell defendant's first and last name. Epps's medical records were admitted into evidence, which confirmed he sustained three gunshot wounds. Jail recordings of phone calls made by defendant to his sister, Ashley Hosler, were also admitted into evidence and confirmed that defendant asked her to testify that he was at her house on the night of the incident. Hosler explained that this was a lie because he was not at her house that night.

Given the strong evidence against defendant, defense counsel's strategy of requesting leniency in the form of a lesser included charge was reasonable trial strategy. This Court "will not second-guess counsel's trial tactic of admitting guilt of a lesser offense." *People v Emerson (After Remand)*, 203 Mich App 345, 349; 512 NW2d 3 (1994). "The fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel." *People v Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000). Thus, defendant has failed to demonstrate that defense counsel's performance was deficient.

## B. IDENTIFICATION TESTIMONY

Next, defendant contends that defense counsel was ineffective in his closing argument when he failed to make a remark regarding the existence of reasonable doubt in Epps's identification testimony.

Defense counsel's decision regarding what evidence to highlight during closing argument is presumed to be a matter of trial strategy, which we will not second-guess. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Although defendant contends that defense counsel was ineffective for failing to remark on the unreliability of Epps's identification of defendant as the shooter, defendant fails to establish a factual predicate for his claim. See *Putman*, 309 Mich App at 248. A review of the record reveals that defense counsel extensively cross-examined Epps on the unreliability of his identification of defendant as the shooter. Additionally, defense counsel cross-examined responding officer, Detroit Police Officer Maurice Dickson, eliciting discrepancies on whether Epps had originally identified two suspects who were African American.

Although there was conflicting evidence regarding Epps's original description of the suspect, any conflicts in evidence are resolved in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Detective Chappell's testimony directly contradicted that of Officer Dickson. Officer Dickson testified that when he arrived on scene at the gas station and asked Epps to describe what happened, Epps stated that a "Mike something" shot him, but also mentioned that there were two African American suspects. However, Detective Chappell testified that Epps positively identified defendant as the shooter from a photographic array the next day, and was able to provide defendant's first and last name.

Thus, the record reveals that defense counsel effectively elicited any discrepancies regarding Epps's identification during cross-examination. It is possible that defense counsel concluded that remarking on these discrepancies during his closing argument was cumulative, especially considering the trial judge sat as the fact-finder and is presumed to know the burden of proof in a criminal case. See *People v Lanzo Constr Co*, 272 Mich App 470, 484; 726 NW2d 746 (2006) ("In a bench trial, the trial court is presumed to know the applicable law."). Regardless, defense counsel's decision whether to call attention to the identification testimony was a matter of trial strategy, and defendant has failed to overcome the presumption that defense counsel's decision was sound trial strategy. See *Horn*, 279 Mich App at 38.

## C. DEFENDANT'S TRUTHFULNESS

Finally, defendant contends that defense counsel was ineffective for implying that defendant was lying on the stand when defense counsel, in his closing argument, made the following statement: "Mr. Jeffries may have a mistaken idea of what is the truth."

A review of the record reveals that defense counsel was faced with substantial evidence that directly contradicted defendant's testimony. For example, defendant testified that he had nothing to do with the shooting and that he did not ask Hosler to lie for him on the stand. However, during Hosler's testimony, she stated that defendant had asked her to testify on his behalf and state that he was at her house on the night of the shooting. Hosler explained that, while defendant did not explicitly ask her to lie, he was not at her house on the date of incident, and she felt uncomfortable lying for him. Evidence of the jail tape, which consisted of their telephone conversation, supported Hosler's testimony that defendant had asked her to state that he was at her house on the date of the incident. There were several other such instances.

Faced with the contradictions in testimony and the strong evidence against defendant, defense counsel apparently chose to acknowledge the contradictions and explain some of them as mistakes of memory rather than intentional untruths. The defendant has not overcome the presumption that defense counsel employed sound trial strategy, and this Court will not second-guess that strategy. See *Gaines*, 306 Mich App at 310; see also *Unger*, 278 Mich App at 242-243. Under the circumstances described above, defense counsel was not deficient.

Even if defendant had successfully shown that defense counsel's performance was deficient, he nevertheless fails to establish that he was prejudiced. As discussed above, the record is clear that there was substantial evidence presented establishing defendant's guilt despite defense counsel's request for consideration of a lesser charge. Therefore, defendant has failed to establish that the outcome of his proceedings would have been different had defense counsel not

requested consideration of the lesser charge of assault with intent to do great bodily harm. See *Vaughn*, 491 Mich at 669.

## II. SENTENCING SCORING ERROR

Defendant contends that he is entitled to a remand for resentencing because the trial court erred in assessing 50 points for offense variable (OV) 6. We agree.

Under a preserved scoring error challenge, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id.* (citation and quotation marks omitted). However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358. "[I]f the trial court clearly erred in finding that a preponderance of the evidence supported one or more of the OVs or otherwise erred in applying the facts to the OVs, [*Hardy*, 494 Mich at 438], and if the scoring error resulted in the alteration of the minimum sentence range, [a defendant] would be entitled to resentencing, *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006)." *People v Biddles*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 326140); slip op at 3.

Defendant challenges the trial court's interpretation and application of MCL 777.36(1). Because defendant was convicted of assault with the intent to commit murder, the trial court scored OV 6 when calculating defendant's sentencing guidelines range. MCL 777.21(1); see also MCL 777.36(2)(a) (stating that a sentencing judge must score OV 6 consistent with a jury verdict unless the judge had information that was not presented to a jury). MCL 777.36(1) provides the offense scoring for OV 6, which pertains to an "offender's intent to kill or injure another individual." With respect to scoring, MCL 777.36(1)(a) provides that a score of 50 points must be imposed if the "offender had premeditated intent to kill . . . ." In contrast, a score of 25 points is appropriate when the "offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(b). To premeditate means to think about beforehand, which requires a finding that defendant had sufficient time to "take a second look." *People v Steanhouse*, 313 Mich App 1, 40; 880 NW2d 297 (2015) (citation and quotation marks omitted).

However, premeditation is not an element of an assault with intent to commit murder charge. "The elements of assault with intent to murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (citation and quotation marks omitted). A murder conviction may be supported by several types of intent, but specific intent to kill is the only form of intent that supports a conviction of assault with intent to commit murder. *People v Fyda*, 288 Mich App 446, 453-454; 793 NW2d 712 (2010).

The trial court improperly assessed 50 points for OV 6. In rendering its verdict, the trial court found that defendant had the specific intent to kill Epps and when it assessed a 50-point score to OV 6, the trial judge stated, "[w]ell, I think the finding was that there was a specific intent to commit murder and that's – I mean assault with intent to commit murder is a specific intent crime. So I can't really score it lower than that." The court did not address the issue of premeditation with any specificity. As discussed above, premeditation is not an element of an assault with intent to commit murder charge and the trial court was required to score OV 6 consistent with its verdict. See MCL 777.36(2)(a). Thus, because the trial court's assessment of 50 points was inconsistent with its verdict, it erroneously assessed 50 points in scoring OV 6.

Moreover, if it were not for the trial court's error, defendant's total OV score would be reduced, resulting in a change of his minimum sentencing guidelines range. Specifically, defendant's total OV score was 105 points placing him in OV Level VI on the sentencing grid, and defendant's total prior record variable (PRV) score was 40 points placing him in PRV Level D. See MCL 777.62. Because of defendant's second-habitual sentencing enhancement, the applicable minimum sentencing guidelines range was 171 to 356 months. See *id*. If defendant's OV 6 score is reduced by 25 points, based on the trial court's error, defendant's minimum sentencing guidelines range would be reduced to 135 to 281 months. See *id*. Accordingly, because the trial court erred in failing to address premeditation and the error resulted in an alteration of the minimum sentencing guidelines range, defendant is entitled to a remand for resentencing. See *Biddles*, ___ Mich App at ___; slip op at 3. At that hearing the trial judge may amplify the fact findings and sentence accordingly.

Defendant's convictions are affirmed, but this case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter