# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT FRANKLIN JONES,

        Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 333498
Macomb Circuit Court
LC No. 2015-003810-FH

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Defendant pleaded guilty to delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), resisting arrest, MCL 750.81d(1), and possession of marihuana, MCL 333.7403(2)(d). The trial court sentenced defendant to 48 to 480 months' imprisonment for the delivery of heroin conviction, second offense, MCL 333.7413(2), and 81 days for the resisting arrest and possession of marihuana convictions. Defendant filed a delayed application for leave to appeal, which this Court denied.[1] Defendant then sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded this case "to the Court of Appeals for consideration as on leave granted." *People v Jones*, 500 Mich 945; 890 NW2d 673 (2017). On remand, because the trial court erred in scoring offense variables (OVs) 3 and 9, we vacate defendant's sentences and remand to the trial court for resentencing.

On October 1, 2015, defendant sold less than 50 grams of heroin to an undercover police officer. After the sale was completed, the undercover officer signaled other officers present in the area to arrest defendant. When the other officers approached the car and announced their presence, defendant punched the undercover officer in the face. He then resisted the police as they tried to arrest him, and he had to be restrained using "muscling techniques." A search of defendant's person revealed a bag filled with a small amount of marihuana. As noted, defendant pleaded guilty to delivery of less than 50 grams of heroin, resisting arrest, and possession of marihuana. The case is now before us on remand from the Supreme Court.

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered August 24, 2016 (Docket No. 333498).

On appeal, defendant argues that OVs 3, 9, and 15 were improperly scored. "To preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016), quoting MCR 6.429(c). Defendant objected to the scoring of OV 15 at sentencing, but he did not object to the scoring of OV 3 or OV 9, and defendant did not file a motion for resentencing or a proper motion to remand in this Court. Therefore, defendant's claim is preserved with respect to OV 15, but his arguments are unpreserved with respect to OV 3 and OV 9.

For preserved sentencing errors, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358.

Unpreserved scoring errors are reviewed for plain error affecting substantial rights. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

## I. OV 3

Defendant argues that OV 3 should not have been scored at five points because the injury to the undercover police officer occurred after the sentencing offense was complete. We agree.

OV 3 addresses physical injury to a victim. MCL 777.33(1). The trial court must assess five points if "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). Where "[n]o physical injury occurred to a victim," a score of zero points is required. MCL 777.33(1)(f). " '[B]odily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011).

"Offense Variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655, 664 (2009). "OV 3 does not specifically provide otherwise; therefore, we can only take into consideration defendant's sentencing offense for purposes of scoring OV 3." *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016). Delivery of a controlled substance in violation of MCL 333.7401 is complete upon delivery of the controlled substance to another person. See *People v McBurrows*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 338552); slip op at 4.

In this case, the trial court scored OV 3 at five points because defendant struck the undercover officer in the face with a closed fist, causing a minor abrasion. However, this injury occurred after defendant delivered the heroin to the undercover officer. Consequently, the trial court erred by using an injury that occurred after the completion of the sentencing offense as a basis to score OV 3.[2] See *McGraw*, 484 Mich at 133; *Biddles*, 316 Mich App at 165.

## II. OV 9

Next, defendant argues that OV 9 was improperly assessed 10 points because the danger to multiple victims occurred after the sentencing offense was complete. The prosecution concedes that OV 9 should have been assessed zero points, and we agree.

OV 9 addresses the number of victims. MCL 777.39(1). OV 9 must be scored 10 points when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). The trial court should "[c]ount each person who was placed in danger of physical injury or loss of life . . . as a victim." MCL 777.39(2)(a). However, in scoring OV 9, a trial court must not consider conduct after the sentencing offense has been completed. *McGraw*, 484 Mich at 121-122, 133-134.

In this case, when resisting arrest, defendant caused a physical altercation that placed multiple officers in danger of physical injury. However, as with OV 3, the threat to multiple victims occurred after defendant delivered heroin to the undercover officer and thus after the sentencing offense had been completed. See *McBurrows*, slip op at 4. There is no evidence that anyone was in danger of physical injury or death based on defendant's conduct during the delivery of heroin. See *McGraw*, 484 Mich at 133-134. Consequently, the trial court erred by scoring OV 9 at 10 points because, while the officers were in physical danger, the danger to the officers arose after the commission of the sentencing crime. See *id.*

## III. OV 15

Finally, defendant argues that the trial court erred by scoring OV 15 at five points. Specifically, defendant asserts that the trial court erred by considering defendant's additional sales of heroin, apart from the sentencing offense, to conclude that defendant had engaged in

---

[2] In contrast to this conclusion, the prosecution emphasizes that, under MCL 777.33(2)(d), OV 3 may not be scored five points "if bodily injury is an element of the sentencing offense." From this directive, the prosecution argues that the reverse must be true, i.e., if bodily injury is *not* an element of the sentencing offense it must be scored. Because bodily injury is not an element of delivering heroin, the prosecution asserts that the bodily injury to the officer is properly scored under OV 3. However, whether bodily injury is an element of the offense is a separate question from whether the legislature intended OV 3 to be scored based on conduct that occurred after the sentencing offense had been completed. Because the legislature did not intend for OV 3 to be scored based on conduct occurring after the completion of the offense, see *Biddles*, 316 Mich App at 165, the injury to the officer could not be used to score OV 3 notwithstanding the fact that bodily injury is not an element of the sentencing offense.

"trafficking." Defendant's argument is without merit because his delivery of heroin warranted a score of five points under OV 15.

OV 15 addresses aggravated controlled substance offenses. MCL 777.45(1). Under OV 15, the trial court must score five points when:

> [t]he offense involved the delivery or possession with intent to deliver marihuana or any other controlled substance or a counterfeit controlled substance or possession of controlled substances or counterfeit controlled substances having a value or under such circumstances as to indicate trafficking[.] [MCL 777.45(1)(h).]

As used in this provision, "deliver" "means the actual or constructive transfer of a controlled substance from 1 individual to another regardless of remuneration." MCL 777.45(2)(a). "'Trafficking' means the sale or delivery of controlled substances or counterfeit controlled substances on a continuing basis to 1 or more other individuals for further distribution." MCL 777.45(2)(c).

Defendant contends that the trial court erred by scoring OV 15 at five points because a finding of "trafficking" can be made only if his sales of heroin apart from the sentencing offense are considered. However, his argument is based on a misapprehension of MCL 777.45(1)(h) and the mistaken belief that OV 15 can only be scored at five points if trafficking is involved. Contrary to defendant's argument, in *People v Jackson*, 497 Mich 857, 858; 852 NW2d 897 (2014), our Supreme Court explained:

> A proper reading of MCL 777.45(1)(h) reveals two alternative bases for scoring that OV at five points: (1) when the offense involved the delivery or possession with intent to deliver marihuana or any other controlled substance or counterfeit controlled substance; and (2) when the offense involved possession of controlled substances or counterfeit controlled substances having a value or under such circumstances as to indicate trafficking.

Considering the alternative bases for scoring OV 15 at five points, the trial court did not clearly err by scoring five points because defendant delivered heroin when he actually transferred control of heroin from himself to the undercover officer. MCL 777.45(2)(a). This delivery of heroin—regardless of whether the circumstances were indicative of trafficking—supports the scoring of OV 15 at five points. MCL 777.45(1)(h); *Jackson*, 497 Mich at 858.

Although OV 15 was properly scored, defendant is entitled to resentencing because the errors in scoring OV 3 and OV 9 affect his advisory minimum sentence range. Specifically, defendant received a total OV score of 35 points, resulting in an advisory minimum sentencing range of 34 to 67 months. See MCL 777.13m; MCL 777.65. When OV 3 and OV 9 are properly scored, defendant's OV score is reduced to 20 points and the applicable advisory minimum

sentencing guidelines range is 19 to 38 months.[3]  See MCL 777.13m; MCL 777.65.  Because the trial court's scoring error with respect to OV 3 and OV 9 affects the appropriate guidelines range, defendant is entitled to resentencing.[4]  *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *Biddles*, 316 Mich App at 165.

Defendant's sentences are vacated and the case is remanded for resentencing.  We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray

---

[3] Of course, because defendant is a repeat drug offender, MCL 333.7413(2) applies, and the trial court has discretion to double this minimum range.  *People v Williams*, 268 Mich App 416, 430 & n 3; 707 NW2d 624 (2005).

[4] On appeal, defendant argues that trial counsel was ineffective for failing to object to the scoring of OV 3 and OV 9.  However, given that we have already granted defendant relief related to the trial court's errors in scoring OV 3 and OV 9, we need not consider defendant's ineffective assistance of counsel claim.  See *People v Pointer-Bey*, __ Mich App __, __; __ NW2d __ (2017) (Docket No. 333234); slip op at 6.