*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JIVONNIE RAMONE JONES,

Defendant-Appellant.

UNPUBLISHED
September 17, 2019

No. 342000
Muskegon Circuit Court
LC No. 17-004167-FH

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Jivonnie Ramone Jones, was convicted after a jury trial of one count of assaulting a prison employee, MCL 750.197c, and two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, within the guidelines range to 60 months' to 40 years' incarceration for the assault conviction, and two terms of 46 months' to 15 years' incarceration for the resisting and obstructing convictions, to be served concurrently. Defendant appeals as of right, challenging his sentence, and also challenging his underlying convictions in a Standard 4 Brief.[1] We affirm defendant's convictions, but vacate his sentence and remand for resentencing.

## I. FACTS

In 2017, defendant was held in the Muskegon County Jail awaiting trial on felony charges. Deputy Sheriff Eric Anderson, who was assigned to the Corrections Division of the Muskegon County Sheriff's Department, testified that he was supervising the area of defendant's cell on the day in question when he heard loud noise coming from defendant's cell. When Anderson went to defendant's cell to investigate, he found defendant kicking the door of his cell. As Anderson entered defendant's cell, defendant picked up a mattress, holding it as a shield, then

---

[1] Defendant filed a Standard 4 brief in propria persona in accordance with Administrative Order No. 2004-6.

threw urine that he had collected in a cup at Anderson, hitting Anderson in the arm with the urine. At the time, Anderson was wearing his uniform and badge, identifying him as an officer. Anderson testified that he saw additional cups of what appeared to be urine on the floor of the cell.

Anderson retreated and called for another officer to assist him in moving defendant to a padded cell. After another officer arrived, Anderson and the second officer entered defendant's cell and ordered him to drop the mattress, get on the floor, and turn away. When defendant failed to comply, the officers physically removed the mattress, during which time defendant made a fist and raised it, as if to strike Anderson. Anderson then used his Taser on defendant. While defendant was on the floor, Anderson placed his knee into defendant's back and ordered him to place his hands behind his back. When defendant refused, Anderson used the Taser on defendant a second time. The officers then transported defendant to a padded cell. At trial, Anderson testified consistent with these facts, and video of the incident was presented to the jury depicting a portion of the interaction. The jury convicted defendant of one count of assaulting a prison employee, MCL 750.197c, and two counts of resisting and obstructing an officer, MCL 750.81d(1).

At sentencing, the trial court calculated defendant's offense variable (OV) score at a total of 80 points. The trial court assessed 20 points for OV 1 (aggravated use of a weapon), MCL 777.31; 10 points for OV 9 (number of victims), MCL 777.39; 25 points for OV 13 (continuing pattern of criminal behavior), MCL 777.43(1)(c); and 25 points for OV 19 (threat to security of a penal institution), MCL 777.49. Defense counsel at sentencing did not object to the trial court's scoring of these offense variables, although defense counsel successfully challenged the trial court's scoring of OV 3 (physical injury to victim), MCL 777.33, which the trial court consequently reduced from 10 points to 0 points. At that point, the following exchange took place before the trial court:

| | |
|---|---|
| Defendant: | I never asked for him to represent me. I don't want him representing me. |
| The Court: | Hold on a second and I'll get to you. Just hold on a second. |
| The Prosecutor: | Judge, the next level – |
| The Court: | [Are] there any other changes to the guideline sheet? |
| Defense Counsel: | No, not that I can see, Judge. |
| The Court: | All right. So that would change total OV's from 90 to 80. Correct? |
| Defense Counsel: | Correct. |

* * *

| | |
|---|---|
| The Court: | All right. Thank you. Any other additions or corrections? |

Defense Counsel: No, Judge. Well, I – I haven't had – Just so the record is clear, my client refused to talk to me this morning , so I don't know if there's anything additional as it relates to family background and those sorts of things. But as it relates to the legal things, I don't see any other additions or corrections.

The trial court then placed defendant under oath and permitted him to raise challenges to the sentencing report. Defendant talked at length about what he perceived as the injustice of his situation, but did not challenge the scoring of the offense variables. Based on the offense variables as scored by the trial court, the trial court calculated the guidelines minimum sentence range as 24 to 76 months' imprisonment for the assault conviction, and 7 to 46 months for the resisting and obstructing convictions. The trial court sentenced defendant within the guidelines range to 60 months' to 40 years' incarceration for his assault conviction, and two terms of 46 months to 15 years for the resisting and obstructing convictions, to be served concurrently.

Defendant claimed an appeal as of right, and filed a motion in this Court to remand to the trial court to permit him to object to the scoring of the offense variables. This Court denied defendant's motion for remand, but specifically held that "[d]efendant's objections to the trial court's scoring of offense variables 1, 9, and 13 are preserved for review based on his motion to remand. MCL 769.34(10)." *People v Jones*, unpublished order of the Court of Appeals, entered November 13, 2018 (Docket No. 342000).

## II. DISCUSSION

### A. PRESERVATION

On appeal, defendant challenges the scoring of OV 1, OV 9 and OV 13, and contends that the incorrect scoring of these offense variables negatively affected his sentence.[2] To preserve a challenge to the scoring of offense variables, the challenge must be raised at sentencing, in a motion for resentencing, or in a motion to remand filed in this Court. MCL 769.34(10); MCR 6.429(C); *People v Hershey*, 303 Mich App 330, 353; 844 NW2d 127 (2013). In this case, defendant preserved his challenge to the offense variables by filing a motion to remand raising these challenges. This Court then specifically held that defendant had, in fact, preserved his objections to the scoring of the offense variables based on the motion to remand. See *Jones*, unpub order. Defendant's objections therefore are preserved.

The prosecution argues, however, that defendant waived any error in the scoring of the offense variables by acquiescing to the trial court's scoring at sentencing. When a challenge is

---

[2] Defendant acknowledges in his brief that his conviction for assaulting a prison employee, a class E felony, is the controlling conviction for purposes of scoring the sentencing guidelines in this case. See *People v Lopez*, 305 Mich App 686, 691; 854 NW2d 205 (2014) (When there are multiple concurrent convictions and the sentences are to be served concurrently, the guidelines calculations are only required for the highest crime class felony conviction.)

waived by a party, any error is extinguished and not merely unpreserved. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). Because waiver extinguishes any error, a defendant who waives his rights is precluded from thereafter seeking appellate review of a claimed deprivation of those rights. *Id*. The actions of defense counsel may result in wavier if the issue involves a matter within counsel's authority, such as matters of trial strategy, including what objections to raise. *Id*. at 218.

In this case, the trial court at sentencing inquired as to whether there were any "additions or corrections" to the presentence investigation report (PSIR), which included the scoring of the offense variables. Defense trial counsel responded: "No, Judge. Well, I – I haven't had – Just so the record is clear, my client refused to talk to me this morning , so I don't know if there's anything additional as it relates to family background and those sorts of things. But as it relates to the legal things, I don't see any other additions or corrections." In *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015), this Court held that the defendant in that case had not waived his right to challenge any scoring errors when the trial court inquired whether there were any additions or corrections to the scoring of the offense variables and defense counsel responded: "No, your Honor." This Court reasoned that the defendant in that case had not waived his right to challenge scoring errors, but had instead merely forfeited it. *Id*. This Court in *McChester* relied on this Court's reasoning in *Hershey*, in which this Court stated that waiver "differs from forfeiture, which has been explained as the failure to make the timely assertion of a right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. Mere forfeiture, on the other hand, does not extinguish an error." *Hershey*, 303 Mich App at 349, quoting *Carter*, 462 Mich at 215. We similarly conclude that in this case, defense counsel's comments at sentencing that he had no further challenges to the offense variables was at most a failure to assert any challenges, and did not constitute a waiver of any alleged error in the scoring of the offense variables. See *McChester*, 310 Mich App at 357. Further, because defendant thereafter raised the challenges in a motion to remand, he did not forfeit them in this case, and the challenges are preserved. See *Hershey*, 303 Mich App at 346.

## B. STANDARD OF REVIEW

When a sentencing challenge is preserved, we review for clear error the trial court's factual determinations under the sentencing guidelines, which must be supported by a preponderance of the evidence. *People v Wellman*, 320 Mich App 603, 605; 910 NW2d 304 (2017). "The clear error standard asks whether the appellate court is left with a definite and firm conviction that a mistake has been made." *People v Rhodes*, 495 Mich 938 (2014). We then review de novo whether the facts as found are adequate to satisfy the scoring requirements, which is a question of statutory interpretation. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## C. SCORING OF OFFENSE VARIABLES

### 1. OV 1

Defendant first argues that the trial court incorrectly scored OV 1 at 20 points. We agree. OV 1 addresses "aggravated use of a weapon" and directs the trial court to assess 20 points when "[t]he victim was subjected or exposed to a harmful biological substance." MCL 777.31(1)(b). The sentencing guidelines do not directly define the term "harmful biological substance," but direct us to the definition of that phrase in MCL 750.200h. *People v Odom*, 276 Mich App 407, 412; 740 NW2d 557 (2007). MCL 750.200h(g) defines a harmful biological substance as "a bacteria, virus, or other microorganism or a toxic substance derived from or produced by an organism that can be used to cause death, injury, or disease in humans, animals, or plants." In this case, defendant argues that no evidence was presented in the trial court that the urine at issue was a harmful biological substance, and that the trial court therefore erred by assessing 20 points under OV 1.

Human urine does not qualify as a harmful substance under OV 1, unless it contains "bacteria, virus, or other microorganisms" that can cause disease in humans. MCL 750.200h(g). In a different context, this Court in *People v Guthrie*, 262 Mich App 416, 419-420; 686 NW2d 767 (2004), held that an expert's testimony that urine can transmit disease through viruses or bacteria was sufficient to find that urine was a harmful substance for the purposes of MCL 750.397a, which prohibits the placing of a harmful substance in food with the intent to harm the consumer of the food. In this case, however, unlike *Guthrie*, no evidence was presented that the urine contained bacteria, virus, or other microorganism or toxic substance that can be used to cause death, injury, or disease in humans, animals, or plants, nor was evidence introduced that urine commonly contains such bacteria, viruses, or microorganisms. Absent evidence that the urine defendant threw was a harmful biological substance or contained a harmful biological substance as defined by MCL 750.200h(g), the trial court clearly erred in finding that defendant's urine constituted the aggravated use of a weapon under MCL 777.31, and therefore erred in scoring 20 points for OV 1.

On appeal, the prosecution argues that even if the trial court erred in finding the urine to be a harmful biological substance warranting a score of 20 points under OV 1, the urine nonetheless constituted a weapon warranting a score of 10 points for OV 1 under MCL 777.31(1)(d) because "[t]he victim was touched by any other type of weapon." However, the record does not indicate that the trial court considered whether the urine constituted a weapon under MCL 777.31(1)(d). We conclude that because the trial court is in the best position to make this determination in the first instance, this question should be remanded for determination by the trial court.

### 2. OV 9

Defendant next argues that the trial court erred in scoring 10 points under OV 9 by finding that defendant placed more than one victim at risk. We disagree.

OV 9 relates to the number of victims, and 10 points are assessed under OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19

victims who were placed in danger of property loss." MCL 777.39(1)(c). A victim is a person who is placed in danger of physical injury or loss of life or property when the sentencing offense was committed. MCL 777.39(2)(a); *People v Sargent*, 481 Mich 346, 350 n 2; 750 NW2d 161 (2008). "[C]lose proximity to a physically threatening situation may suffice to count the person as a victim," so that a person may be considered a victim even if he or she did not suffer actual harm. *People v Rodriguez*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 338914); slip op at 4, quoting *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds, 495 Mich 876 (2013). A person present at the scene of a crime may be a victim placed in danger by the defendant's actions. *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004). However, the score assessed under OV 9 must be based only upon the defendant's conduct during the sentencing offense. *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009). "The sentencing offense is the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. Our Supreme Court has also explained that "only conduct that relates to the offense being scored may be considered." *Sargent*, 481 Mich at 350.

Here, the offense being scored was defendant's assault of a prison employee, MCL 750.197c. During the initial assault, only Anderson was present with defendant in his cell, and there is no evidence on the record that any other person was placed in danger. However, after the second officer arrived to assist Anderson, both officers entered defendant's cell. During this interaction, defendant raised his fist to defendant Anderson as if to strike him, thereby continuing his assault on Anderson. Anderson testified that he saw other cups of what appeared to be urine of the floor of defendant's cell. Thus, during this time, both officers were in close proximity to the physically threatening situation, and both officers were at risk of physical injury when defendant continued his assault on Anderson. Accordingly, the trial court's finding that there were two victims was supported by a preponderance of the evidence, justifying the assessment of 10 points for OV 9.

### 3. OV 13

Defendant next argues that the trial court erred by assessing 25 points for OV 13. We agree. Assaulting a prison employee in violation of MCL 750.197c is designated as a public safety crime, MCL 777.16j. MCL 777.22 addresses the scoring of offense variables and provides that "[f]or all crimes against public safety, score offense variables 1, 3, 4, 9, 10, 12, 13, 14, 16, 19, and 20." MCL 777.22(5). Thus, when scoring the offense variables for defendant's conviction for assaulting a prison employee, the trial court was required to score OV 13.

OV 13 is scored for a continuing pattern of criminal behavior, and must be scored at the highest attributable level. MCL 777.43(1). That statute provides, in relevant part:

> (1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person ……………………………. 25 points

* * *

(2) All of the following apply to scoring offense variable 13:

(a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction. [MCL 777.43.]

Thus, 25 points are to be scored under OV 13 when the offense is part of a pattern of felonious criminal activity that involves three or more crimes against a person, and all crimes within the applicable five-year period are to be included regardless of whether the offense resulted in a conviction. MCL 777.43; *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). However, to warrant a score of 25 points because the offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person, the sentencing offense also must be a crime designated by the sentencing guidelines as a crime against a person. *People v Nelson*, 491 Mich 869 (2012)[3] (reversing the scoring of OV 13 for the reasons stated in the Court of Appeals dissenting opinion in *People v Nelson*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2011 (Docket No. 296932), (SHAPIRO, J., concurring part and dissenting in part), p 2, which reasoned that a sentencing offense can only be part of a pattern of crimes against a person if the sentencing offense itself is a crime against a person). In this case, the conviction being scored was defendant's conviction for assaulting a prison employee in violation of MCL 750.197c, which is designated as a public safety crime, MCL 777.16j. Applying the reasoning of *Nelson*, because defendant's public safety offense is not a crime against a person within the meaning of the statute, it cannot be considered part of a pattern of crimes against persons for purposes of scoring OV 13. Therefore, OV 13 in this case should be scored at zero.

A defendant is entitled to be sentenced based upon accurate information. *Francisco*, 474 Mich at 88. When an improperly assessed OV results in an improperly calculated guidelines range, defendant is entitled to be resentenced. *Id*. at 92. Here, a rescoring of OV 1 and OV 13 results in a reduction of the guidelines range from 24 to 76 months, to 19 to 76 months. Accordingly, defendant is entitled to resentencing. On remand, we direct the trial court to score OV 13 at zero, to rescore OV 1 consistent with this opinion, and to resentence defendant accordingly.

---

[3] An order of our Supreme Court "is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Automobile Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

D.  STANDARD 4 BRIEF

Defendant has also filed a Standard 4 brief challenging his convictions, and raising issues regarding the sufficiency of evidence, the effectiveness of defense counsel during the trial, his competency, the accuracy of the trial transcripts, the denial of defendant's right to testify, and his right to confront witnesses.  Defendant, however, has not briefed these issues, but merely states these challenges on appeal without argument, factual support, or citation to authority.  It is not sufficient for an appellant merely to announce his position or identify an alleged error, leaving this Court to discover and rationalize the basis for his claims, nor may an appellant give cursory treatment to issues, providing little or no citation to supporting authority.  *People v Green*, 313 Mich App 526, 535; 884 NW2d 838 (2015).  We therefore decline to address the issues raised by defendant in his Standard 4 brief.  See *People v Bosca*, 310 Mich App 1, 48; 871 NW2d 307 (2015) (We deem issues not sufficiently briefed as abandoned on appeal).

We affirm defendant's convictions, vacate his sentence, and remand to the trial court for resentencing.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Amy Ronayne Krause