# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KRISTOPHER KYLE MCCHESTER,

Defendant-Appellant.

FOR PUBLICATION
May 5, 2015
9:00 a.m.

No. 318145
Genesee Circuit Court
LC No. 12-030097-FC

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

MURPHY, J.

Defendant pled nolo contendere to unarmed robbery, MCL 750.530, for which he was sentenced as a second habitual offender, MCL 769.10, to a prison term of 87 months to 22-1/2 years. This Court denied defendant's delayed application for leave to appeal. *People v McChester*, unpublished order of the Court of Appeals, entered January 2, 2014 (Docket No. 318145). Our Supreme Court, however, in lieu of granting leave to appeal, remanded the case to this Court "for consideration, as on leave granted, of whether the defendant is entitled to resentencing based on a misscoring of Offense Variable (OV) 4 (psychological injury to victim), MCL 777.34." *People v McChester*, 497 Mich 865; 853 NW2d 98 (2014). We hold that the trial court erred in assessing 10 points for OV 4, considering that the record failed to adequately support a finding that the victim suffered a serious psychological injury. Accordingly, we reverse and remand for resentencing.

Defendant's conviction arose out of a robbery of a Speedway gas station. Defendant entered the store, approached the cashier, asked for cigarettes, and then ordered the cashier to give him everything in the cash drawer. When defendant made the demand, his right hand was in one of his pockets, and he made a furtive gesture suggesting to the cashier that he had a gun in the pocket. The cashier testified at the preliminary examination that defendant threatened her by stating, "I really don't wanna pull this trigger on you so empty the register and give me everything." The cashier complied, and defendant proceeded to flee with stolen cigarettes and money from the till. According to the presentence investigation report (PSIR), the police observed that the cashier was "visibly shaken" when they arrived at the scene. Aside from this observation by police, our review of the entire record, including the preliminary examination, sentencing, and plea transcripts, as well as the PSIR, fails to disclose any other information or evidence regarding or touching on the cashier's psychological state as impacted by the robbery.

-1-

With respect to OV 4, it concerns psychological injury to a victim and directs a sentencing court to assess 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Subsection (2) of the statute requires a court to "[s]core 10 points if the serious psychological injury may require professional treatment," with the admonition that "[i]n making this determination, the fact that treatment has not been sought is not conclusive." The only other option under OV 4 is to assess zero points when "[n]o serious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(b). The trial court here assessed 10 points for OV 4. If the correct score for OV 4 is zero instead of 10 points, it would result in altering the applicable guidelines range from "50 to 125 months" to "43 to 107 months," thereby requiring reversal. MCL 777.64; MCL 777.21(3)(a); *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006).

On appeal, defendant argues that the trial court committed plain error by assessing 10 points for OV 4 instead of zero points and that defense counsel provided ineffective assistance in failing to object to the scoring. At the sentencing hearing, the trial court initially inquired whether there were any "[a]dditions or corrections" to be made to the PSIR, which included a scoring of the sentencing guidelines variables, and the prosecutor and defense counsel both responded, "No, your Honor." There was no other discussion with respect to the scoring of the variables, and under this Court's decision in *People v Hershey*, 303 Mich App 330, 351-353; 844 NW2d 127 (2013), such circumstances would merely constitute forfeiture and not waiver of alleged scoring errors. Moreover, while defendant here did not challenge the scoring of OV 4 at sentencing or in a motion for resentencing, he did raise the argument in two motions to remand. This included a motion that was filed shortly after appellate counsel was appointed by the trial court consistent with part of our Supreme Court's remand order that had directed an initial inquiry by the trial court regarding defendant's indigency status and that mandated appointment of appellate counsel if defendant was indeed indigent. *McChester*, 497 Mich at 865. Accordingly, defendant has adequately preserved the issue concerning OV 4. MCL 769.34(10) ("A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.").[1]

---

[1] Had defendant failed to preserve the matter in a motion to remand, and given our ultimate conclusion that the *appropriate* guidelines sentence range is 43 to 107 months with an assessment of zero points for OV 4, our review would have been limited to an examination of the issue solely through the lens of the ineffective assistance of counsel claim, considering that the 87-month minimum sentence imposed by the court falls within the appropriate guidelines range. *Francisco*, 474 Mich at 90 n 8 ("Finally, if the defendant failed to raise the scoring error at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals, and the defendant's sentence is within the appropriate guidelines range, the defendant cannot raise the error on appeal except where otherwise appropriate, as in a claim of ineffective assistance of counsel."); *People v Kimble*, 470 Mich 305, 310-312; 684 NW2d 669 (2004).

We now turn to the substance of the issue and whether the trial court erred in assessing 10 points for OV 4. Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). "'Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred.'" *People v Fawaz,* 299 Mich App 55, 60; 829 NW2d 259 (2012) (citation omitted). On the other hand, we review de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy,* 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).

While the victim in this case may very well have suffered a serious psychological injury requiring professional treatment or that may have required professional treatment, considering that defendant convincingly acted as if he had a gun and threatened to shoot her, the only information or evidence in the record regarding the victim's psychological state was the PSIR's reference to her being "visibly shaken." The victim's impact statement in the PSIR revealed that "[a]ll attempts to contact the victim ha[d] been unsuccessful." The victim did not present an oral or written statement at sentencing, nor did she testify in any meaningful way at the preliminary examination in regard to her psychological state, which is to be expected given that the focus of the prelim was on the elements of the crime and defendant's involvement. There simply was not a preponderance of evidence establishing that the victim suffered a *serious* psychological injury.

Contrary to the prosecution's argument, this Court's opinion in *People v Apgar*, 264 Mich App 321; 690 NW2d 312 (2004), does not demand a different conclusion, where in *Apgar* the 13-year-old victim specifically testified to being fearful during a particularly brutal and horrific rape. Here, we do not have any indication from the victim herself regarding her psychological state, and the only information on the issue comes from a cursory, vague, and preliminary observation by police who arrived at the scene. Again, we would not be surprised if the victim had indeed suffered a serious psychological injury; however, the record is essentially barren on the issue and speculation cannot form the basis to affirm a 10-point score for OV 4. Other published opinions by this Court affirming 10-point scores for OV 4 all referenced abundant supporting evidence that simply does not exist in the case at bar. See *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014) (victim expressed feelings of confusion, emotional turmoil, guilt, an inability to trust others, and anger, and she suffered from emotional difficulties); *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012) (victim impact statement and letter from the victim reflected that the victim suffered from sleeplessness for weeks, relived the robbery every time she closed her eyes, and constantly feared being robbed by customers); *People v Ericksen*, 288 Mich App 192, 203; 793 NW2d 120 (2010) (PSIR indicated that the victim suffered from depression and that his personality changed as a result of poor health following the assault and amputations); *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009) (child victim of sexual abuse had

undergone two series of counseling sessions to deal with abuse). In sum, given the record, reversal is required.[2]

Reversed and remanded for resentencing. We do not retain jurisdiction.


/s/ William B. Murphy
/s/ Michael J. Talbot

---

[2] In light of our ruling, it is unnecessary to reach defendant's associated claim of ineffective assistance of counsel. To the extent that defendant raises additional issues, they exceed the scope of the Supreme Court's remand order and cannot be considered. *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).