*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JACK LEROY WINE, JR.,

        Defendant-Appellant.

UNPUBLISHED
September 12, 2019

No. 344610
Calhoun Circuit Court
LC No. 2013-001828-FC

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his sentence for armed robbery, MCL 750.529. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 25 to 50 years' imprisonment. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This is defendant's third appeal to this Court. In his first appeal, this Court summarized the relevant facts of the robbery as follows:

> The victim, Penelope White, was at home with several people in the middle of the day when the robbery occurred. She heard a disturbance, and then the door to the room she was in crashed open[]. Defendant's son, Jack Wine III [(JR)], came into the room and hit her in the head with a fence post that had cleated steal. He hit her so hard that she had a scar on her head months later at the time of trial, and he broke her arm. He continually beat her until she stayed down. [JR] then dragged Penelope to the basement by her hair, and continued to hit Penelope in the face with the pole. He also attacked her daughter, Stephanie. His attack on her was so vicious that Stephanie had a sizable scar on her arm at the time of trial.

> Defendant was in the basement, and Penelope surmised that defendant did not want her to get hurt. [JR] was holding a gun. Defendant eventually asked

Penelope, "[W]hy did you rip me off?" When she claimed that it was not her but [her other daughter] Brittany and another individual, defendant replied, "This is over." Penelope offered them her purse, defendant asked her where it was, and [JR] retrieved it. The men eventually left, and Penelope and Stephanie went to the hospital for their injuries. Penelope's arm was injured so badly that she required surgery, and Stephanie required . . . stitches. [*People v Wine (Wine I)*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2015 (Docket No. 318822), p 1, vacated in part by *People v Wine*, 500 Mich 859 (2016).]

Defendant was ultimately convicted by a jury of armed robbery under a theory of aiding and abetting, and sentenced by the trial court to 25 to 50 years' imprisonment. This Court affirmed defendant's conviction and sentence, *Wine I*, unpub op at 1, 12, but the Supreme Court vacated his sentence, and remanded to the trial court for resentencing, holding that the "trial court erred in assigning 10 points for Offense Variable 4 (OV 4), MCL 777.34, since there was no record support that the victims suffered psychological injury." *Wine*, 500 Mich at 859.

On remand, the trial court[1] declined to adjust the score for OV 4, and resentenced defendant to 25 to 50 years' imprisonment. As a result, defendant again appealed his sentence, and this Court vacated and remanded to the trial court for a second resentencing hearing, because "the law of the case doctrine required the [trial] court to score OV 4 at zero points and to resentence defendant accordingly." *People v Wine (Wine II)*, unpublished per curiam opinion of the Court of Appeals, issued March 6, 2018 (Docket No. 336042), p 2.[2]

At defendant's second resentencing hearing, he challenged the accuracy of the presentence investigation report (PSIR) on several bases, as well as his score for OVs 1, 2, 3, 4, and 9, citing to Penelope's medical records, which he argued constituted new evidence. The trial court reassessed OV 4 at zero points, but refused to rescore the other challenged OVs, determining that "[t]here are sufficient facts appropriate based upon the trial to score each of those in the levels as currently placed . . . ." Additionally, after upholding the scores for OVs 1, 3, and 9, the court did make defendant's requested PSIR corrections, striking references to defendant possessing a baseball bat, defendant causing any injury himself, Matthew McClurg, another participant in the robbery, possessing a gun, and defendant grabbing Brittany by the throat. With a stipulated guidelines range of 126 to 420 months, the court again sentenced defendant to 25 to 50 years' imprisonment.

---

[1] Defendant was resentenced by a different judge than the one who presided over his trial and original sentencing hearing.

[2] Further, the Court stated, "Because a remand for resentencing places this case before the trial court in a presentence posture, we need not address defendant's claims of error regarding the accuracy of his [Presentence Investigation Report] and the trial court's scoring of OVs other than OV 4." *Wine II*, unpub op at 3-4, n 2 (citations omitted).

II.  ANALYSIS

A.  OFFENSE VARIABLES

Defendant first argues, in both his appellate[3] and Standard 4[4] briefs,[5] that the trial court erred when it assessed 10 points for OVs 1, 3, and 9.

The sentencing guidelines are no longer mandatory, *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), but a trial court must still properly score the OVs, *id*. at 392 n 28.  In so doing, a court may consider all record evidence, including the PSIR and preliminary examination testimony.  *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence.  Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made.  Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.  [*People v Lampe*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342325); slip op at 2 (quotation marks and citations omitted).]

We hold that the trial court did not clearly err when it assessed 10 points for OVs 1, 3, and 9.  A trial court must assess 10 points for OV 1, the aggravated use of a weapon, where "[t]he victim was touched by any . . . type of weapon," MCL 777.31(1)(d), 10 points for OV 3 if "[b]odily injury requiring medical treatment occurred to a victim," MCL 777.33(1)(d); *People v Armstrong*, 305 Mich App 230, 245; 851 NW2d 856 (2014), and 10 points for OV 9 if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 9 victims who were placed in danger of property loss," MCL 777.39(1)(c).  Defendant asserts that because he himself did not possess a weapon, cause injury to anyone, or personally place anyone in danger, the scores for each should be zero points.  But this ignores defendant's participation in the armed

---

[3] Defendant's appellate brief challenges the scores for OVs 1 and 9 only.

[4] In defendant's Standard 4 statement of questions presented, he asserts that the court erred in scoring OVs 1, 2, 3, 9, and 16, but makes no argument with regard to OVs 2 and 16 in the body of his brief.  Accordingly, we decline to address those OVs.  See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (quotation marks and citation omitted) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").

[5] Along with his Standard 4 brief, defendant filed a motion to remand, which this Court denied. *People v Wine*, unpublished order of the Court of Appeals, entered April 2, 2019 (Docket No. 344610).

robbery and conviction as an aider and abettor. "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may . . . be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39. Accordingly, the trial court was justified in scoring the guidelines for defendant on the basis of all of the conduct committed during the armed robbery, whether by defendant or the other individuals involved. And, considering the actions of all participants in the robbery, a preponderance of the evidence justifies a score of 10 points for each challenged OV.

Penelope and Stephanie both testified that JR struck them with a fence post and that they received treatment for their injuries at a hospital. This testimony alone establishes that two to nine victims were placed in danger of physical injury, and suffered bodily injury requiring medical treatment as a result of being hit by a weapon.[6] Further, contrary to defendant's argument that Penelope's medical records constitute "new evidence" that undermines the court's scores for OVs 1, 3, and 9, the records were admitted into evidence at trial by stipulation,[7] and do not alter our conclusion. The alleged time-of-incident conflict between Penelope's testimony and her medical records, and the absence of any mention of stab wounds to Penelope's back in the medical records, do not negate her testimony that JR hit her with a weapon, or the information in the medical records indicating that she was treated at the hospital for injuries related to the attack.[8] Accordingly, the testimony and medical records support, by a preponderance of the evidence, the trial court's scores for OVs 1, 3, and 9.[9] As the trial court did not err in scoring OVs 1, 3, and 9, defendant's ineffective assistance of counsel argument necessarily fails. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

---

[6] A weapon, for purposes of scoring OV 1, is any instrument or device used for attack. *People v Lange*, 251 Mich App 247, 257; 650 NW2d 691 (2002).

[7] In other words, despite this Court remanding the case to the trial court in a presentence posture, see *Lampe*, ___ Mich App at ___; slip op at 2-3 n 2, defendant presented no new evidence for the court to consider at his second resentencing hearing.

[8] We note, as well, that defendant overestimates the viability of his argument regarding the alleged discrepancy between Penelope's testimony about the time the robbery occurred and the time that she arrived at the hospital according to her medical records. Penelope testified several times at trial that she did not know the exact time the robbery occurred, estimating that it happened around noon or sometime in the afternoon.

[9] Defendant also asserts, in his Standard 4 brief, that the trial court erred by using judge-found facts to score OVs 1, 2, 3, and 9, because the findings required to score those OVs are "not required for a conviction of armed robbery." However, the Court in *Lockridge* clarified that its holding striking down the mandatory nature of the guidelines did "nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not." *Lockridge*, 498 Mich at 392 n 28.

## B. PSIR

Defendant also argues, in his Standard 4 brief, that each of his attorneys was ineffective for "allowing the use of inaccurate information contained in the [PSIR]." Defendant acknowledges that the trial court ultimately corrected the errors at his second resentencing hearing, but asserts that because the trial court made the corrections after it scored the guidelines, the court improperly considered the inaccurate information to assess 10 points for OVs 1, 3, and 9.

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "At sentencing, either party may challenge the accuracy or relevancy of any information contained in the [PSIR]. The information is presumed to be accurate, and the defendant has the burden of going forward with an effective challenge, but upon assertion of a challenge to the factual accuracy of information, a court has a duty to resolve the challenge." *Lampe*, ___ Mich App at ___; slip op at 7 (quotation marks and citations omitted). "We review for an abuse of discretion the trial court's decision regarding the information in the PSIR." *Id.*

Defendant is correct that the court did not make his requested changes to the PSIR[10] until after upholding its scores for OVs 1, 3, and 9, but there is no indication at all from the record that the court took any of the challenged content into account when scoring the OVs, stating only that "[t]here are sufficient facts appropriate based upon the trial to score [OVs 1, 3, and 9] in the levels as currently placed . . . ." Nor did the court need to consider the challenged content to conclude that a preponderance of evidence supported the scores. The court struck from the PSIR references to defendant possessing a baseball bat, defendant himself causing injury to anyone, McClurg possessing a gun, and defendant grabbing Brittany by the throat. But, as provided above, defendant was convicted of armed robbery as an aider and abettor, and the testimony of Penelope and Stephanie (which did not include any reference to the statements stricken from the PSIR) justified 10-point scores for OVs 1, 3, and 9. Consequently, the trial court did not violate defendant's due-process rights, and defendant's ineffective assistance of counsel arguments fail. See *Ericksen*, 288 Mich App at 201.

## C. PROPORTIONALITY

Finally, in his appellate brief, defendant asserts that he is entitled to resentencing because the sentence imposed was unreasonable and disproportionate. Specifically, he contends that his past convictions are drug offenses, not assault crimes, his prison history is stellar, the trial court did not articulate its reasons for the sentence imposed, and he did not do anything wrong at Penelope's house—JR committed most of the conduct alleged.

---

[10] This Court did not receive the corrected PSIR with the record, but defendant does not argue that the trial court failed to ultimately make the corrections.

To review a sentence for reasonableness, we look at "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). However, absent a scoring error or reliance on inaccurate information in the PSIR, which we have rejected above, a minimum sentence within the guidelines range is presumptively proportionate. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Defendant's 25-year minimum sentence is within the 126 to 420-month sentencing guidelines range stipulated to by the parties.[11] Therefore, defendant's sentence is presumptively proportionate, and must be upheld.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[11] Beyond asserting that the trial court incorrectly scored OVs 1, 3, and 9, defendant does not challenge the sentencing guidelines range stipulated to by the parties and imposed by the court.