*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 24, 2020

v

No. 346248
Kent Circuit Court
LC No. 17-010774-FH

DOUGLAS JAMES CRYSTAL, JR.,

Defendant-Appellant.

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

MARKEY, P.J. (*dissenting*).

Defendant was sentenced to a minimum term of 10 years' imprisonment for offenses involving his decision to drink and then drive while drunk at speeds of up to 91 miles per hour. He then hit another vehicle, killing a young mother who had her twin 5 year old sons with her. The children suffered catastrophic, lifelong injuries, and their lives are forever ruined. A sentence of 10 years in prison for the destruction of this family is certainly not disproportionate or an abuse of discretion. Because it is fair and just on every level, I would affirm defendant's sentences. Accordingly, I dissent.

We review for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

Factual findings related to a departure must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Lawhorn*, 320 Mich App 194, 208-209; 907 NW2d 832 (2017). For purposes of sentencing, "a court may consider all record evidence,

-1-

including the contents of a PSIR,[1] plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

The key test is not whether a sentence departs from or adheres to the guidelines range, but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Sentencing judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court indicated:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citations omitted.]

"[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). When making a decision to depart from the advisory guidelines range, a trial court must sufficiently articulate the reasons or justification for the departure. See *Steanhouse*, 500 Mich at 470. We note that recently our Supreme Court held "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, __ Mich __, __; __ NW2d __ (2019); slip op at 22.

The majority devotes much time dissecting the word "accident" and criticizing the trial court's statement that what occurred in this case was not an accident when viewed in context of how it occurred. In its opening paragraph, the majority contends that the "court justified the departure sentence by repeatedly emphasizing that defendant intended the horrific results of the accident, a fact unsupported in the record." This is an unfair, highly parsed, and out of context mischaracterization of the trial court's remarks. When the court's words are read in context of its sentencing comments, it is quite evident that the court was simply expressing that defendant's decisions to drink to excess and then drive while drunk at outrageous speeds were intentional decisions, not accidental, and absent those extremely poor decisions, the young mother and her children would not have been killed and injured. No complete and fair review of this sentencing could make one reasonably conclude that the trial court either stated or believed that defendant

---

[1] PSIR stands for presentence investigation report.

intended to kill and severely injure the victims. Of course he did not. But he did choose and intentionally did drive while drunk and at speeds in excess of 90 m.p.h.

Moreover, the ultimate reason for the trial court's determination to depart from the guidelines was not tied to the court's discussion of whether this was an accident; rather, the court departed upwardly in its sentence because the guidelines did not adequately take into account the seriousness of the harm the victims suffered. After the court discussed the guidelines range and immediately before imposing sentence, it stated:

> But, quite frankly, I don't believe those Guidelines take into effect the seriousness of the nature of the injuries, that you killed this person, and what you've done to these two little boys, as I've already indicated.

Earlier in its ruling, the court, in reference to the victims, stated that "[t]hese are the most egregious injuries that I have ever seen." The court proceeded to discuss the nature of the injuries.

The presentence investigation report (PSIR) indicated that one of the boys is in 24-hour nursing care, is confined to a wheelchair, cannot talk, eat, or do anything for himself, recognizes no one, had his retinas detach in the crash, and needed teeth pulled because "he kept biting through his lip." The record also reflected that the other child suffered a traumatic brain injury. The PSIR noted comments by a relative that the children's "lives will never be the same again" and that "her family's lives have been changed forever." The majority acknowledges that defendant's drunk driving "severely and permanently" injured the twins.

In view of the death of the children's mother, the seriousness of the injuries suffered by the wheelchair-bound child who is and will be entirely dependent on others to meet his basic needs to survive for the remainder of his life, and the life-altering brain injury to his brother, I, like the trial court, can only conclude that the 10-year minimum sentence was proportional. In fact, one could even reasonably conclude that the minimum sentence was overly lenient. None of the offense variables (OVs) takes into consideration the *full extent of the seriousness of the children's permanent catastrophic physical injuries in unison with consideration of the death of the children's mother*. While the death of the children's mother was taken into account in assessing OV 3, MCL 777.33(1)(a), the children's horrific, permanent injuries in addition to their mother's death were not considered for scoring the two death-related offenses. See MCL 257.617(3); MCL 257.625(4)(a). Moreover, concurrent sentencing on the lesser offense of operating a vehicle while intoxicated causing serious impairment of a body function, MCL 257.625(5)(a), has no meaningful impact on the actual prison time defendant will served.[2] OV 5, MCL 777.35, merely takes into account *psychological* injury to the *victim's family*. Similarly, OV 9, MCL 777.39, only considers *the number* of victims. Consequently, I too find that the sentencing guidelines are woefully

---

[2] Moreover, the threshold to establish the crime of operating a vehicle while intoxicated causing serious impairment of a body function is much less demanding in comparison to the injuries the wheelchair-bound child actually suffered. See MCL 257.58c(a) (a serious impairment can be shown, for example, merely by proving that the victim lost the use of a single limb).

inadequate to address the particular facts of this case—drunk driving resulting in the death of a young mother and severe and permanent injuries to her two children.

I would hold that the trial court did not abuse its discretion by imposing a sentence greater than the minimum sentence guidelines range; therefore I would uphold defendant's 10-year minimum sentence. This sentence is proportionate to the seriousness of the crime.


/s/ Jane E. Markey