*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH EUGENE KIERZEK,

        Defendant-Appellant.

UNPUBLISHED
October 20, 2022

No. 358973
Presque Isle Circuit Court
LC Nos. 19-093096-FH;
           19-093097-FC

Before: MARKEY, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted his sentences of concurrent terms of 10 to 15 years' imprisonment for his guilty-plea convictions of one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with person under 13 years of age), and one count of CSC-II, MCL 750.520c(2)(b) (sexual contact with person under 13 years of age by person 17 years of age or older). We affirm.

## I. FACTS

These cases arise from defendant's sexual abuse of two step-granddaughters approximately 15 years apart. In lower court case number 19-093097-FC, defendant admitted during his plea hearing that sometime between 2004 and 2006, defendant's step-granddaughter slept on an air mattress in his home and for three nights in a row he entered her room and touched her genital area. The victim was seven to nine years old at the time of the sexual assaults. In lower court case number 19-093096-FH, defendant admitted that a different step-granddaughter, who was four years old at the time of the sexual abuse, was at defendant's home in 2018 or 2019 when he made her touch her genital area with a vibrator. Defendant pleaded guilty to two counts of CSC-II arising from the two instances of abuse.

Defendant's minimum sentence guideline ranges were 29 to 57 months' imprisonment in the first case and one to two years' imprisonment in the second case. But the court departed upward from the guidelines and imposed concurrent sentences of 10 to 15 years' imprisonment for both offenses. The trial court reasoned:

I agree with the prosecuting attorney that the advisory sentencing guidelines do not take into account the nature of the relationship. They do take into account that you abused—that you took advantage of their youth. I don't know that they particularly take into account, as the prosecutor mentioned, the—the nature of the—the precise nature of the relationship and the damage that it does in destroying those family ties.

Also, and more importantly, I think that the advisory guidelines nowhere take into account the similar nature of the pattern of your felony crimes. . . . The fact of this case is that you sexually abused two young victims at different times. Your attorneys' arguments would provide a very good basis for what they're asking for if you were standing here to be sentenced for sexually abusing one of your grandchildren. The remarks your attorneys made were excellent. The efforts that they've made in this case on your behalf have been quite strong. But the fact remains that this didn't happen to just one of your grandchildren but two. And I think that the length of time involved here, even—I'm not going to assume what happened in the intervening years. I'm only sentencing you for the things you've admitted to, sir. But there was a length of gap between these events. And even if you didn't abuse anybody in the in-between, which I'm assuming—I'm assuming that you did not—this tells me, though, that your sexual deviancy is a significant feature of the arc of your life. Because this didn't happen just one time and you were horrified by it and that was it. That would be bad enough and you'd go to prison for that. But it happened repeatedly in 2004,[ ] and then over a decade later you do something very similar with another young grandchild. That tells me that this is part of the—an old-fashioned phrase, the warp and woof of your life. This is not just something outside the bounds of who you are; it is part of who you are. And although both of these offenses weren't detected and charged until now, I can't ignore that this—essentially you're similar to a repeat sexual offender. You committed a sexual offense in 2004, and then you committed one over a decade— almost a decade and a half later. Repeat sexual offenders are treated a certain way for very good reasons, and I consider you to be one. The fact that your two crimes were caught and prosecuted in the same time frame doesn't change that fact, that you're a repeat sexual predator. The advisory guidelines don't take into account these factors. They do not result in a sentence that's proportionate to the circumstances of these offenses and this offender.

The prosecutor's asked for the maximum charge—maximum sentence of a 10- to 10-year sentence. In order for me to impose that sentence, I would basically have to find that in the category of CSC two offenders, you're among the worst. I do think you are. Because you're a repeat sexual predator of your own grandchildren.

This appeal followed.

## II. DEPARTURE PRINCIPLES

This Court reviews for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

Factual findings related to a departure must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Lawhorn*, 320 Mich App 194, 208-209; 907 NW2d 832 (2017). For purposes of sentencing, "a court may consider all record evidence, including the contents of a PSIR,[1] plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

The key test is not whether a sentence departs from or adheres to the guidelines range but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Sentencing judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995).[2] In *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019), this Court indicated that the factors that may be considered by a trial court under the proportionality test include, but are not limited to, the following:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Quotation marks and citation omitted.]

---

[1] PSIR stands for presentence investigation report.

[2] We emphasize, however, that although the guidelines are no longer mandatory, they remain a highly relevant consideration for purposes of exercising sentencing discretion, and trial courts must consult and take into account the guidelines when imposing sentence. *Lockridge*, 498 Mich at 391.

"[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). "When fashioning a proportionate minimum sentence that exceeds the guidelines recommendation, a trial court must justify why it chose the particular degree of departure." *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008). We note that our Supreme Court has now held "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019).

## III. DISCUSSION AND RESOLUTION

On appeal, defendant argues that the trial court's reasons for departing upward from the guidelines were already and adequately accounted for by the sentencing guidelines. The first reason given by the trial court for the departure, which the court viewed as the less important reason, was that even though the guidelines accounted for defendant's actions in taking advantage of the victims' youth, the guidelines did not particularly take into account "the precise nature of the relationship." The trial court was plainly referencing the grandfather-granddaughter relationship. Offense variable (OV) 10 concerns the exploitation of a vulnerable victim. MCL 777.40. In this case, 10 points were assessed for OV 10 in both cases. Ten points must be assessed when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, *or* a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b) (emphasis added). The instant case regarded the exploitation of youth *and* the exploitation of a domestic relationship--and not just any domestic relationship, but one involving young girls and their grandfather. Therefore, we conclude that this ground offered by the trial court in support of the departure constituted an appropriate consideration for departure.

The self-described more important reason for the trial court's decision to depart from the guidelines is a bit difficult to define. The court emphasized that it was assuming that defendant had not committed any criminal sexual acts between the offenses in the two cases. In our view, this was a necessary assumption because there was no evidence whatsoever that would support a determination that defendant engaged in sexual abuse during the interim. The court appeared to indicate that despite the span of time between the crimes, defendant was effectively a sexual predator and no different from any other repeat sexual offender. Defendant argues that this reasoning is already accounted for in OV 13. OV 13 concerns continuing patterns of criminal behavior. MCL 777.43. In this case, zero points were assessed in 19-093096-FH and 25 points were assessed in 19-093097-FC because defendant touched the victim in the latter case three nights in a row. It is appropriate to assess 25 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Defendant argues that because OV 13 accounts for a pattern of criminal conduct, the trial court's reasoning was not an appropriate basis for a departure. Defendant further contends that it would be inappropriate to consider the offenses in both cases together for purposes of demonstrating a pattern of criminal behavior because they were separated by more than five years.

Defendant reasons that by providing in OV 13 that only offenses within a five-year period may be considered, the Legislature made clear that it did not wish or intend for offenses separated by more than five years to be considered part of a "pattern."

We conclude that the trial court's reasoning does support an upward departure. If the CSC-II offenses in both cases are considered together despite the extensive separation of time, there would be four crimes to consider under MCL 777.43(1)(c), which would still call for an assessment of 25 points, but also serve as a basis to find that 25 points is somewhat inadequate. When viewing the Legislature's five-year limit in the context of the unique circumstances in this case, one can reasonably conclude that the Legislature's limit was inadequate here. Defendant's argument that the Legislature did not wish for a court to consider crimes occurring beyond five years misses the whole point of departure sentencing, which can be grounded in a determination that application of legislative parameters may not be appropriate in a given case, nor produce a proportionate sentence.

With respect to the extent of the departure, the trial court specifically found that the 10-year minimum sentences were appropriate because defendant was the "worst" in the "category of CSC two offenders," considering that he was "a repeat sexual predator of [his] own grandchildren." We discern no abuse of discretion in the trial court's ruling regarding the extent of the departure. The 10-year minimum sentences were reasonable because they were proportionate to the seriousness of the circumstances surrounding the offenses and the offender.

We affirm.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Mark T. Boonstra