*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BENJAMIN SCOTT ALLERS,

        Defendant-Appellant.

UNPUBLISHED
August 1, 2024

No. 367707
Mecosta Circuit Court
LC No. 2022-010591-FH

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*), second or subsequent offense, MCL 333.7413(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12(1), to 5 to 30 years' imprisonment. Defendant appeals by leave granted,[1] arguing his upward-departure sentence is disproportionate and unreasonable. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying the offense are not at issue on appeal. In addition to the possession charge of which he was convicted, defendant was also initially charged with one count of possession of methamphetamine with intent to deliver, MCL 333.7401(2)(b)(1), second or subsequent offense, MCL 333.7413(1); and one count of operating a motor vehicle with a suspended or revoked license, second or subsequent offense, MCL 257.904(3)(b). Defendant accepted a plea deal in which he pleaded guilty only to the possession charge; the other charges were dismissed. Defendant's calculated guidelines sentencing range was 10 to 46 months' incarceration, but the trial court sentenced defendant to a minimum term of 60 months' incarceration, an upward departure of 14 months.

---

[1] *People v Allers*, unpublished order of the Court of Appeals, entered October 26, 2023 (Docket No. 367707).

## II.  STANDARD OF REVIEW

We review departure sentences for reasonableness.  *People v Dixon-Bey*, 340 Mich App 292, 295; 985 NW2d 904 (2022).  The reasonableness of a departure sentence is reviewed for an abuse of discretion.  *Id*.  "A trial court abuses its sentencing discretion when the sentence imposed by the trial court is disproportionate to the seriousness of the circumstances involving the offense and the offender."  *Id*. at 296.  "The existence of a departure factor is a factual question reviewed for clear error on appeal."  *Id*.  "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred."  *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (citation omitted).

## III.  LAW AND ANALYSIS

Defendant argues the trial court abused its discretion by upwardly departing from the guidelines range because it improperly based its reasoning on defendant's prior methamphetamine-related convictions, which are not considered by the sentencing guidelines.  We disagree.

While the sentencing guidelines are no longer mandatory, "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion."  *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015).  Trial courts no longer need to provide "substantial and compelling reasons" for departing from the guidelines, but departure sentences must still be reasonable.  *Id*. at 392.  "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."  *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (*Steanhouse II*).  There is a rebuttable presumption of proportionality for within guidelines sentences.  *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).  However, a trial court may depart from the guidelines if it "determines that the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime."  *People v Steanhouse*, 322 Mich App 233, 238; 911 NW2d 253 (2017) (*Steanhouse I*), vacated in part on other grounds 504 Mich 969 (2019) (quotation marks and citation omitted).

> Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:
>
> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (citation omitted).]

"[A] trial court imposing an out-of-guidelines sentence must justify it to facilitate appellate review.  *Id*. (quotation marks and citation omitted).  This "includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been."  *Id*. at 126-127 (quotation marks and citation omitted).

Defendant first argues, in a conclusory manner, that the trial court improperly considered defendant's prior methamphetamine-related convictions to justify its 14-month upward departure. His argument appears to be that: (1) the trial improperly punished him for his "continuing pattern of criminal behavior," even though Offense Variable (OV) 13 does not identify methamphetamine as a scorable offense, and (2) his prior methamphetamine-related convictions were already accounted for by his assessed Prior Record Variables (PRV). We disagree

Defendant is correct that the trial court could not assess points under OV 13 for a pattern of criminal behavior because OV 13 does not identify methamphetamine as a scorable offense. But, defendant's argument is flawed; the trial court recognized this fact and did not assess points for OV 13. Defendant nevertheless directs us to the trial court's comments at sentencing expressing confusion and frustration about being unable to assess points under this variable, claiming this frustration must have led the trial court to "manufacture[] a reason to upward[ly] depart" from the guidelines range. There is simply no support for defendant's assertion. Separate and distinct from OV 13, the trial court noted defendant was a long-time habitual offender who had been to prison multiple times for methamphetamine-related convictions. It further noted he had a prior bond violation on a pending misdemeanor case, and tested positive multiple times for methamphetamine while on bond for the sentencing offense. The trial court was well within its discretion to determine that the guidelines did not adequately account for defendant's reoffending drug-related conduct.

Defendant's claim that his prior criminal history was already considered by the PRVs misunderstands the purpose of the PRVs as compared to OVs. The PRVs concern a defendant's criminal *history*—as in, the number of a defendant's prior, objective run-ins with law enforcement. By contrast, the OVs concern a defendant's criminal *behavior*—as in, the seriousness of the offense and the defendant's conduct. That the PRVs were assessed on the basis of defendant's prior convictions does not mean that the trial court is foreclosed from considering defendant's behavior under the applicable OVs.

Turning to defendant's argument that the trial court improperly considered the dismissed charges when upwardly departing from the guidelines, we note that, as a preliminary matter, defendant's failure to support this claim constitutes abandonment. Defendant's conclusory statement that: "It's clear by the upward deviation that the trial court was not happy about the lower guidelines and chose to sentence [defendant] as if he had been convicted of Possession with Intent to Deliver and not simple Possession[,]" is insufficient to support his claim on appeal. *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).

Regardless, defendant's claim in this regard also lacks merit. While a trial court may not consider acquitted conduct at sentencing, there is no such restriction against considering dismissed charges. *People v Beck*, 504 Mich 605, 626-630; 939 NW2d 213 (2019). "When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard." *Id*. at 626. The trial court considered the possession-with-intent-to-deliver charge when it upwardly departed from the guidelines. This charge was dismissed under a plea agreement; defendant was not acquitted. The trial court did not clearly err in considering this charge. *Lampe*, 327 Mich App at 126; *McChester*, 310 Mich App at 358.

Lastly, defendant summarily asserts the trial court failed to justify the extent of its departure sentence, but again offers no support for this claim. Thus, this argument, too, is abandoned. *McPherson*, 263 Mich App at 136. But, abandonment aside, this argument lacks merit. A sentence "cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). While the trial court did not affirmatively articulate the reason for its precise 14-month departure, its reasoning on the record clearly supports the extent of the departure, reasoning that, if OV 13 were assessed as it believed it should have been, defendant's guidelines range would have been 19 to 76 months' incarceration. Thus, defendant's sentence would be within-guidelines. There is therefore a clear connection between the reasons given for the departure and its extent. See *Smith*, 482 Mich at 304.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates