*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 23, 2024
9:20 AM

Plaintiff-Appellee,

v

No. 368433
Wayne Circuit Court
LC No. 02-001592-01-FC

JOHNNY JEROME WILLIAMS,

Defendant-Appellant.

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his September 2023 resentencing, arising from his June 2002 jury-trial convictions of first-degree murder (felony murder), MCL 750.316(1)(b); armed robbery, MCL 750.529(1); assault with intent to commit murder, MCL 750.83; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In July 2002, defendant was sentenced to life imprisonment without the possibility of parole for his felony-murder conviction, life imprisonment with the possibility of parole for his assault with intent to commit murder and two armed robbery convictions,[1] and two years' imprisonment for his felony-firearm conviction. In October 2017, defendant was resentenced to 28 to 60 years' imprisonment on his felony-murder conviction. In September 2023, defendant was resentenced to 28 to 60 years' imprisonment for both his armed robbery and assault with intent to commit murder convictions. This appeal relates only to defendant's sentences for armed robbery and assault with intent to commit murder. We vacate defendant's sentences for these two convictions and remand for resentencing.

---

[1] Defendant was initially convicted of two counts of armed robbery. In a prior appeal, this Court vacated one of defendant's armed robbery convictions on double jeopardy grounds, and affirmed defendant's other convictions. *People v Williams*, unpublished per curiam opinion of the Court of Appeals, issued July 20, 2004 (Docket No. 245267), p 1, 4.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a 2001 shooting, which occurred when defendant was 16 years old. Defendant was selling crack cocaine out of an abandoned house in Detroit with Charles Harris and Andreal Jenkins. A vehicle pulled up in front of the house, and defendant left the house to speak with the vehicle occupants. Defendant returned to the house, picked up a shotgun, and told Harris and Jenkins to empty their pockets. Defendant shot Harris in the chest, then turned and shot Jenkins in the stomach. Defendant left the house and fled the scene in the vehicle parked outside. Harris died as a result of the gunshot wound; Jenkins survived, but suffered from long-term physical injuries.

In 2002, a jury convicted defendant of felony murder, assault with intent to commit murder, felony-firearm, and two counts of armed robbery. Defendant was sentenced to life imprisonment without the possibility of parole on his felony-murder conviction, and to life imprisonment with the possibility of parole on his assault with intent to commit murder and two armed robbery convictions. Defendant was also sentenced to two years' imprisonment on his felony-firearm conviction. In 2017, defendant was resentenced to 28 to 60 years' imprisonment for felony murder as a direct result of *Miller v Alabama*, 567 US 460, 489; 132 S Ct 2455; 183 L Ed 2d 407 (2012), wherein the United States Supreme Court held mandatory life sentences without the possibility of parole for juveniles convicted of homicide were unconstitutional.[2]

On July 28, 2022, the Michigan Supreme Court issued *People v Stovall*, 510 Mich 301, 322; 987 NW2d 85 (2022), which held that "a parolable life sentence for a defendant who commits second-degree murder while a juvenile violates Article 1, § 16 of the Michigan Constitution." After *Stovall* was issued, defendant moved for relief from judgment in the trial court, requesting that the trial court resentence his parolable life sentences for his armed robbery and assault with intent to commit murder convictions, which the trial court granted.

Defendant was resentenced on September 14, 2023. The prior record variables (PRV) were scored the same for both armed robbery and assault with intent to commit murder. PRV 4 (prior low severity juvenile adjudication), MCL 777.54, was assessed two points. PRV 5 (prior misdemeanor convictions or prior misdemeanor juvenile adjudications), MCL 777.55, was

---

[2] In 2017, the prosecution only requested that defendant be resentenced for felony murder under *Miller*, and as such, the trial court left defendant's sentences for his remaining convictions untouched. The scoring of the offense variables and guidelines ranges for his other convictions seemingly would have been affected, but defendant did not appeal his resentence for felony murder or otherwise challenge his other sentences at that time.

assessed five points.[3]  PRV 6 (relationship to criminal justice system), MCL 777.56, was assessed 20 points.[4]  The total PRV score for both convictions was 27 points.

Offense variables (OV) 1, 2, 3, and 9 were scored the same for both armed robbery and assault with intent to commit murder.  OV 1 (aggravated use of weapon), MCL 777.31, was assessed 25 points.  OV 2 (lethal potential of weapon possessed or used), MCL 777.32, was assessed five points.  OV 3 (physical injury to victim), MCL 777.33, was assessed 100 points.  OV 9 (number of victims), MCL 777.39, was assessed 10 points.  The total OV score for armed robbery was 140 points.[5]  OV 6 (offender's intent to kill or injure another individual), MCL 777.36, was additionally assessed for assault with intent to commit murder at 25 points.  Thus, the total OV score for that conviction was 165 points.  The minimum sentencing guidelines range was the same for both convictions—14.25 to 23.75 years.[6]  During resentencing, defendant challenged the scoring of OV 3, arguing it should be scored 25 points because defendant's armed robbery and assault with intent to commit murder offenses did not result in a death.  The trial court denied defendant's request, reasoning: "I think that the spirit of the guidelines is to score—have a score that is based on the entirety of the relevant behavior."

The trial court resentenced defendant to 28 to 60 years' imprisonment for armed robbery and assault with intent to commit murder.  The trial court recognized the sentences were an upward departure from the guidelines, but stated the departure was justified based on the serious, continuing physical suffering of Jenkins.  This appeal followed.

## II.  STANDARD OF REVIEW

"The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq*. involve legal questions that this Court reviews de novo."  *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009).  "Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence.  Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred."  *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citations omitted).  "Whether the facts, as found, are adequate to satisfy the scoring conditions

---

[3] PRV 5 was originally assessed zero points; however, during defendant's September 14, 2023 resentencing, the parties stipulated PRV should be assessed five points.

[4] PRV 6 was originally assessed zero points; however, during defendant's September 14, 2023 resentencing, the parties stipulated PRV should be assessed 20 points.

[5] It appears that the prosecution made a mathematical error on the record, announcing that the total OV score for armed robbery was 115 points at the resentencing hearing.  The correct total is 140 points.

[6] The sentencing information report states the minimum guideline range is 10.5 to 17.5 years (126 to 210 months).  However, during resentencing, the total PRV score was increased to 27, bringing the PRV level from B to D.  The correct guidelines are 14.25 to 23.75 years (171 to 285 months).  See MCL 777.62.

prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded by statute on other grounds as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citations omitted). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).[7]

## III. SCORING OF OV 3

Defendant argues he is entitled to resentencing because OV 3 was incorrectly assessed 100 points. We agree in part and disagree in part.

"OV 3 designates the number of points to be assessed for physical injury to a victim." *People v Johnson*, 342 Mich App 90, 94; 992 NW2d 668 (2022), citing MCL 777.33(1). One hundred points are scored where "[a] victim was killed." MCL 777.33(1)(a). Twenty-five points are scored where "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). "[F]or purposes of OV 3, the term 'victim' includes any person harmed by the criminal actions of the charged party." *People v Albers*, 258 Mich App 578, 593; 672 NW2d 336 (2003).

MCL 777.33(2)(b) instructs: "Score 100 points if death results from the commission of a crime and homicide is not the sentencing offense." "MCL 777.33(2)(b) precludes assessing 100 points for OV 3 if homicide is the sentencing offense. A 'homicide' for purposes of the sentencing guidelines is 'any crime in which the death of a human being is an element of that crime.' " *People v Dumback*, 330 Mich App 631, 637; 950 NW2d 493 (2019), citing MCL 777.1(c).

"Because the Legislature in MCL 777.33(2)(b) used the phrase '*results* from the commission of a crime,' it is clear that the defendant's criminal actions must constitute a factual cause of a death for purposes of OV 3." *People v Laidler*, 491 Mich 339, 345; 817 NW2d 517 (2012). "The concept of factual causation is relatively straightforward. In determining whether a defendant's conduct is a factual cause of the result, one must ask, 'but for' the defendant's conduct, would the result have occurred? If the result would not have occurred absent the defendant's conduct, then factual causation exists." *People v Schaefer*, 473 Mich 418, 435-436; 703 NW2d 774 (2005).

---

[7] We note that "[t]here are no special steps that a defendant must take to preserve the question whether the sentence was proportional; a defendant properly presents the issue for appeal by providing this Court a copy of the presentence investigation report." *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017). Although defendant did not file a copy of the updated presentence investigation report with this Court, it was included in the lower court record.

In this case, defendant argues OV 3 was improperly assessed 100 points because scoring must be offense specific, and no one died as a result of the armed robbery or assault with intent to commit murder. We agree in part and disagree in part. "Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *McGraw*, 484 Mich at 135.

The trial court properly assessed 100 points for defendant's armed robbery conviction. In this case, if not for defendant committing armed robbery, Harris would not have been killed. Although the armed robbery conviction involved the armed robbery of Jenkins, rather than Harris,[8] Harris is still considered a "victim" for purposes of OV 3 because he was harmed by the criminal actions of defendant. See *Albers*, 258 Mich App at 593. Defendant, while in possession of a shotgun, told Harris and Jenkins to empty their pockets, then shot both Harris and Jenkins. But for defendant committing armed robbery against both Harris and Jenkins, Harris would not have been killed. The armed robbery was a factual cause of Harris's death. The trial court did not err by finding OV 3 was correctly assessed 100 points for defendant's armed robbery conviction.

However, we conclude, and the prosecution concedes, that defendant is entitled to resentencing of his assault with intent to commit murder conviction because OV 3 was incorrectly scored 100 points. The prosecution concedes OV 3 should have been scored 25 points as it relates to assault with intent to commit murder only. Because Harris was shot before the assault of Jenkins, the shooting of Jenkins is not a factual cause of Harris's death. We therefore remand for resentencing on defendant's assault with intent to commit murder conviction. The total OV score for defendant's assault with intent to commit murder conviction should be lowered from 165 points to 90 points. The correct guidelines range for defendant's assault with intent to commit murder conviction is 11.25 to 18.75 years' imprisonment (135 to 225 months). See MCL 777.62.

## IV. PROPORTIONALITY OF SENTENCE

Defendant argues the above-guidelines sentences imposed for his armed robbery and assault with intent to commit murder convictions were disproportionate and unreasonable. Because we remand for resentencing as stated above, we need not address the reasonableness of defendant's assault with intent to commit murder sentence. With regards to defendant's armed robbery sentence, we conclude that the upward-departure sentence was not proportionate nor reasonable.

In *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), the Michigan Supreme Court held Michigan's sentencing guideline scheme is "advisory only." Although not mandatory, the guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. "[T]rial courts must consult those Guidelines and take them into account

---

[8] Defendant was initially convicted of two counts of armed robbery, one involving the armed robbery of Harris and the other involving the armed robbery of Jenkins. This Court vacated his conviction of armed robbery related to Harris on double jeopardy grounds because armed robbery was the predicate felony of felony murder. See *Williams*, unpub op at 4.

when sentencing." *Id*. (quotation marks and citations omitted). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392.

"[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). "Trial courts must consult the sentencing guidelines when imposing a sentence, but the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Lydic*, 335 Mich App at 500 (quotation marks and citations omitted).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted).]

This case presents unique circumstances. Because defendant's resentencing occurred over 20 years after commission of the crime, the trial court was able to see the long-term negative effects of defendant's crime on Jenkins. During resentencing, the prosecution explained defendant's conduct had a significant long-term impact on Jenkins. Even 20 years after the incident, Jenkins is in constant pain, takes daily pain medication, and has constant lower body aches. The gunshot wound caused Jenkins partial paralysis in his leg. He falls often, previously used a walker, and now still requires a cane. Because of his injuries he is unable to work. Jenkins also suffers from depression, and takes antidepressants. The long-term negative impact on Jenkins was the primary consideration of the trial court when imposing an above-guidelines sentence, as Jenkins's continued suffering is a factor not adequately accounted for by the guidelines. Although OV 3 accounts for physical injury to a victim, it does not account for the extent of Jenkins's pain and hardship. More 20 years later, Jenkins was not fully recovered from his injuries. Jenkins has not been able to lead a normal life because of defendant's crimes. Jenkins continues to suffer from physical pain and depression. Defendant's actions left Jenkins permanently disabled.

However, defendant further argues that his sentence was disproportionate because he received the same sentence for armed robbery as he did for felony murder—a more serious offense. We agree.

In support of his argument, defendant cites to the unpublished case *People v Gentry*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2009 (Docket No. 278584).[9] In *Gentry*, we held, "a sentence of incarceration for a lesser-class felony crime that exceeds the sentence of incarceration imposed on the highest-class felony crime, for which the offender is receiving a concurrent sentence, is disproportional on its face, and absent specific findings by the trial court justifying such a discrepancy, cannot stand." *Gentry*, unpub op at 9.

---

[9] "Though unpublished cases are nonbinding on this Court, they may be persuasive or instructive." *People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 5 n 2.

There, the defendant was given a higher sentence for a lower-class felony than a higher-class felony. *Id*. at 7.

Here, although defendant was not given a higher sentence for a lower-class crime, rather, he was given the same sentence for his lower-class convictions than his felony-murder conviction, the same reasoning still applies. Defendant's sentence of 28 to 60 years' imprisonment for armed robbery is disproportional on its face as it is the same sentence he received when he was resentenced for felony murder under *Miller*. Although the trial court relied on the extensive nature and history of Jenkins's injuries, it appears that the trial court rendered the same sentence for armed robbery as felony murder out of convenience as defendant was set to serve that term regardless. As such, the trial court abused its discretion in its resentence of defendant for armed robbery because it is not proportional to the circumstances surrounding the offense and the offender.

## V. CONCLUSION

We vacate defendant's sentences for both armed robbery and assault with intent to commit murder, and remand for resentencing for both convictions. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Brock A. Swartzle